**O**

# United States District Court
# Central District of California

| | |
|---|---|
| THERESA BROOKE, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SB HOSPITALITY PALM SPRINGS LLC, a California Limited Liability Company, doing business as COMFORT INN PALM SPRINGS DOWNTOWN,<br><br>　　　　　Defendant. | Case No. 5:16-CV-00953-ODW(SS)<br><br>**ORDER GRANTING CORRECTED MOTION TO WITHDRAW AS COUNSEL [21] AND DENYING AS MOOT MOTION TO WITHDRAW [19]** |

## I.   INTRODUCTION

Before the Court is Aaron Garcia's corrected motion to withdraw as counsel for Defendant SB Hospitality Palm Springs, LLC. (ECF No. 21.) Plaintiff Theresa Brooke has not opposed the motion. For the following reasons, the Court **GRANTS** the motion to withdraw and orders Defendant to obtain new counsel by February 6, 2017.[1]

---

[1] After carefully considering the papers filed in support of the motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

Plaintiff is "a disabled woman bound to a wheelchair." (Compl. ¶ 3, ECF No. 1.) Defendant is the owner and operator of Comfort Inn Palm Springs Downtown ("Comfort Inn"), a hotel. (*Id.* ¶ 2.) Plaintiff alleges that she was considering a trip to the Palm Springs area and contacted Comfort Inn to ascertain whether its swimming pool or Jacuzzi had a "pool lift or other means of access" that would allow disabled persons such as herself to use those amenities. (*Id.* ¶ 24.) Defendant's representative allegedly told Plaintiff that neither the pool nor the Jacuzzi possessed such features. (*Id.*) Plaintiff alleges that these barriers deterred her from seeking accommodations at Comfort Inn. (*Id.* ¶ 31.) On May 10, 2016, Plaintiff filed the pending case against Defendant alleging violations of the Americans with Disabilities Act, the California Unruh Civil Rights Act, and the California Disabled Persons Act. (*Id.* ¶ 1.)

Defendant's attorney, Aaron Garcia, moved to withdraw as counsel of record on January 3, 2017. (ECF No. 19.) However, that motion contained several technical errors, including an improper caption. (ECF No. 20.) He then filed this corrected motion to withdraw on January 4, 2017. (ECF No. 21.) Garcia served the motion on both his client and Plaintiff, but neither filed a timely opposition. (ECF No. 21-4.)

## III. LEGAL STANDARD

According to the Local Rules governing this Court, "[a]n attorney may not withdraw as counsel except by leave of court." C.D. Cal. L.R. 83-2.3.2; *see also Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). "A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action," and must be for good cause. C.D. Cal. L.R. 83-2.3.2. The Court has discretion to grant or deny a motion to withdraw as counsel. *See, e.g.*, *Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, No. CV 09-3200 PSG (VBKx), 2009 WL 2337863, at *1 (C.D. Cal. June 28, 2009).

## IV. DISCUSSION

The Court finds that there is good cause for withdrawal. Mr. Garcia indicates in one of his two declarations that "[d]espite emails, letters[,] and in office meetings," his client "absolutely fails and refuses to take [his] advice" and that continued representation of Defendant would cause him to "violate the rules of professional conduct." (Garcia Decl. ¶ 2, ECF No. 21-2.) Mr. Garcia also indicates that he is willing to provide a more "detailed" account of the reasons for his requested withdrawal under seal. (*Id.* ¶ 4.)

Mr. Garcia's declaration makes clear that the attorney-client relationship is irreparably broken. (*Id.* ¶ 2.) Mr. Garcia cites numerous occasions on which his client ignored his advice. (*Id.*) This type of conduct is sufficient to warrant withdrawal under California Rule of Professional Conduct 3-700(C)(1)(d). *See* Cal. R. Prof. Conduct 3-700(C)(1)(d) (permissive withdrawal allowed when the client's conduct "renders it unreasonably difficult for the member to carry out the employment effectively"); *see also Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2–4 (N.D. Cal. Sept. 15, 2010) (finding withdrawal warranted where the client has made it unreasonably difficult to carry out the representation effectively).

Mr. Garcia has complied with the Local Rules' notice requirements. C.D. Cal. L.R. 83-2.3.2. He served each party with notice of his intent to withdraw and warned Defendant that a business entity may not appear pro se in federal court. (ECF Nos. 21-4, 23); *see also* C.D. Cal. L.R. 83-2.2.2 ("Only individuals may represent themselves pro se. No organization or entity of any . . . kind . . . may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1."); *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").

Finally, the Court finds that allowing Mr. Garcia's withdrawal at this time would not unduly delay resolution of this action or prejudice either party. The discovery-cutoff in this case is August 7, 2017, the last day for hearing motions is September 11, 2017, and trial is scheduled for November 7, 2017. (*See* ECF No. 16.) The earliest of those dates is still eight months away.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the motion to withdraw. (ECF No. 21.) The Court orders Defendant to obtain new counsel by **February 6, 2017**. If Defendant fails to obtain new counsel by that date, the Court will strike its answer and enter a default. The original motion to withdraw is **DENIED** as **MOOT**. (ECF No. 19.)

**IT IS SO ORDERED.**

January 17, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**